GEORGE A. WILKIN, Appellant, *v.* JOHN M. BARNARD et al., Respondents.

(Argued May 25, 1874; decided September term, 1874.)

THIS was an action in the nature of one to rescind a contract on the ground of fraud.

In March, 1857, the parties entered into a contract, in and by which plaintiff agreed to sell and convey to defendant Barnard a house and lot in Rochester, he to receive therefor a conveyance of certain Iowa lands and $1,000 in money. The complaint alleged that plaintiff was induced to enter into the

contract by means of certain specified representations on the part of said defendant as to the quality, location, etc., of the Iowa lands, which were, as defendant well knew, false ·and fraudulent.    In the contract were set forth certain representations, a portion of those alleged to have been made, and the performance on the part of plaintiff was made conditional upon his ascertaining the truthfulness thereof.    It was also conditioned that if, prior to the determination of this question, Barnard should enter into possession of plaintiff's premises, and it should be ascertained thereafter that the representations were untrue, Barnard should be considered as holding as tenant, and should pay rent, and should surrender on demand. The deeds were to be dated April 1, 1857, at which time · Barnard was to deliver to plaintiff searches, etc., showing his title, and possession was to be given of the premises.    No time was specified for the delivery of the deeds.    About April 1st, the parties exchanged deeds and Barnard went into possession of the premises conveyed to him by plaintiff. The latter, prior to that time, had made no examination as to the Iowa lands, and did not ascertain in regard to them until 1866.    The referee found, as conclusions of law, that it appeared by the contract that plaintiff did not rely upon the defendant's representations, but upon the provisions of the contract, he assuming thereby the responsibility of ascertaining and satisfying himself whether the representations were true before conveyance of his property ; that the execution and delivery of the deeds was a waiver of this provision, was a performance and fulfillment of the contract, and bound the plaintiff ; that it was immaterial, therefore, whether the representations were true or false, and he directed a dismissal of the complaint.

The General Term modified the judgment entered on the referee's report by inserting a clause that the judgment ·was without prejudice to an action on the contract.    *Held* (EARL and REYNOLDS, CC., dissenting), that the conclusions of the referee were, under the circumstances of the case, correct; that the provision of the contract as to possession and the nature thereof in case the representations were proved untrue, referred to a possession before a full performance of

the contract by exchange of deeds, not to a possession under a conveyance executed in performance of the contract. The commission also express an opinion that plaintiff has no remedy upon his contract, the same being merged in the deeds.

*J. A. Stull* for the appellant.

*Geo. F. Danforth* for the respondents.

DWIGHT, C., reads for affirmance.
LOTT, Ch. C., and GRAY, C., concur.
EARL and REYNOLDS, CC., dissent.
Judgment affirmed.